FRANK MONTEVERDE, Respondent, *v.* THE BOARD OF SUPERVISORS OF QUEENS COUNTY, Appellant.

*Substantial performance of a contract — a question of fact.*

It is ordinarily a question of fact whether or not there has been a substantial performance of a contract.

APPEAL by the defendant, The Board of Supervisors of Queens County, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Queens on the 17th day of July, 1893, upon the report of a referee.

*John Fleming*, for the appellant.

*Benjamin W. Downing* and *W. T. B. Milliken*, for the respondent.

PRATT, J.:

The determination of this cause depends largely on the question whether the plaintiff substantially performed his contract. That is ordinarily a question of fact. The contract price of the work was $21,700, and the referee finds that all the work stipulated for was done with the exception of some small matters which could be completed for $154.

The testimony abundantly supports that conclusion. It appears that the engineers of the county were in constant attendance while the work was in progress. It was done under their supervision, and the chief engineer certified to the county before this action was commenced that the road could be completed according to the contract for the sum of $501. At that time the plaintiff had done work for which he was then entitled to receive about $3,500, being the balance of eighty per cent he had a right to draw as the work progressed. He urged the payment of this and offered to complete the work. The defendant refused to pay him. By that breach of their duty plaintiff was authorized to bring his action for the work already done.

The contract was substantially performed. Had it not been the plaintiff would be entitled to recover for the work so far as done as a consequence of defendant's refusal to pay as required by the contract.

The judgment should be affirmed, with costs.

BROWN, P. J., and DYKMAN, J., concurred.

Judgment affirmed, with costs.